UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Vincent Petrescu, Pro Se,
Plaintiff,
v.
Financial Industry Regulatory
Authority (FINRA),
Defendant.

Case No. 24-50305

COMPLAINT FOR DECLARATORY A[ND] INJUNCTIVE RELIEF

FILED
JUL 16 2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Vincent Petrescu, pro se, brings this Complaint against Defendant Financial Industry Regulatory Authority (FINRA) and alleges as follows:

INTRODUCTION

1. This is an action for declaratory and injunctive relief to stay FINRA's proceedings against Plaintiff that are already scheduled for July 18, 2024, until the resolution of a related case in the United States District Court for the Eastern District of Michigan (the "Detroit Case").

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 5 U.S.C. § 702 (Administrative Procedure Act).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Plaintiff resides in this district.

1

## PARTIES

4. Plaintiff Vincent Petrescu is a resident of Algonquin, McHenry County, Illinois, and is proceeding pro se.

5. Defendant Financial Industry Regulatory Authority (FINRA) is a self-regulatory organization headquartered in Washington, D.C.

## FACTUAL ALLEGATIONS

6. Plaintiff is subject to a statutory disqualification proceeding by FINRA based on a settlement with the SEC in a case in the Eastern District of Michigan.

7. The Court in the Detroit Case found that Shumake, a key figure in the SEC case, was not a maker under *Janus* (Janus Capital Group, Inc. v. First Derivative Traders, 564 U.S. 135 (2011)), which undermines the basis of the SEC settlement with Petrescu and the resulting FINRA disqualification.

8. Plaintiff has filed a motion to vacate the judgment in the Detroit Case based on this new finding. Judge Leitman denied the first Motion as being untimely and allowed Petrescu to file a new motion seeking relief under other subsections of Rule 60(b).

9. Petrescu filed a new Motion as allowed by the Court.

10. The plaintiff submitted a request to FINRA to suspend its proceedings against him pending the resolution of the related case in the Eastern District of Michigan (referred to as the "Detroit Case"). However, FINRA rejected this request. In its denial, FINRA primarily relied on SEC administrative case precedents rather than citing judicial court cases.

11. Despite statutes and regulations that support the existence of multiple self-regulatory organizations (SROs), FINRA has fostered monopoly power within the financial industry. If FINRA

were truly an independent actor, it would appear to be an illegal monopoly. It is certainly exercising monopoly power.

PRAYER FOR RELIEF

COUNT I: VIOLATION OF DUE PROCESS

11. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12. FINRA's denial of the motion to stay violates Plaintiff's due process rights under the Fifth Amendment by depriving him of a fair opportunity to resolve the underlying issues in the Detroit Case before facing disqualification as in Alpine Securities Corp. v. FINRA, No. 1:23-cv-01506-BAH (D.C. Cir. Jul. 5, 2023).

COUNT II: ADDITIONAL VIOLATION OF DUE PROCESS

13. FINRA in the process of administering this proceeding has violated Plaintiff's right to both procedural and substantive due process.

14. Despite Plaintiff's request to access documents and witnesses necessary to prove lack of procedural and substantive due process, Defendant has refused and continues to refuse to provide such access.

15. Defendant exercises sole and exclusive regulatory control over the Plaintiff's SEC license to do business and it threatens to terminate that SEC license.

16. The SEC can not delegate to the Defendant powers and authorities it does not have. (Lucia v. Securities and Exchange Commission, 585 U.S. ___ (2018)). If the SEC can not deny Plaintiff due

process then Defendant certainly can not deny due process. (Loper Bright Enterprises v. Raimondo, 599 U.S. ___ (2024), Securities and Exchange Commission v. Jarkesy, 599 U.S. ___ (2024)).

17. Additionally, FINRA's monopoly power exacerbates the due process violations by limiting the Plaintiff's ability to seek fair regulatory oversight from alternative SROs, further depriving him of a fair opportunity to resolve the underlying issues.

COUNT III: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

18. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

19. FINRA's denial of the motion to stay is arbitrary, capricious, an abuse of discretion, and not in accordance with law, in violation of 5 U.S.C. § 706(2)(A).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a declaratory judgment that FINRA's denial of the motion to stay violates due process and the Administrative Procedure Act;

C. Issue an Emergency Temporary Injunction (at least 7 days) staying FINRA's proceedings (currently scheduled for Thursday, July 18, 2024 in Chicago) against Plaintiff until the resolution of the Detroit Case and the provision by the Defendant of adequate access to evidence and witnesses permitting Plaintiff to dispute adequate due process prior to the termination of its license to do business.

D. Order Defendant to engage in Mediation administered by a Magistrate Judge.

E. Declare that FINRA's monopoly power within the financial industry violates antitrust principles and the intent of statutes and regulations supporting multiple SROs.

F. Grant such other and further relief as the Court deems just and proper.

Dated: 7/16/2024

Respectfully submitted,

*[signature]*

Vincent Petrescu, Pro Se

505 Harper Dr, Algonquin IL 60102

vincent.petrescu@gmail.com

847.873.5335